Phillip J. Collaer – ISB No. #3447
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:   (208) 344-5510
E-Mail:      pcollaer@ajhlaw.com

Attorneys for Defendants, State of Idaho, Department of Corrections, Brent Reinke and Henry Atencio

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CYNTHIA FULLER,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, DEPARTMENT OF CORRECTIONS, BRENT REINKE, in his official capacity, and HENRY ATENCIO, in his official and individual capacity<br><br>            Defendants. | Case No. 1:13-cv-00035<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

COMES NOW, the above-entitled defendants, State of Idaho, Department of Correction, Brent Reinke and Henry Atencio (these "answering defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answers the plaintiff's Complaint and Demand for Jury Trial as follows:

**FIRST DEFENSE**

The plaintiff's Complaint fails to state a claim against these answering defendants upon which relief can be granted.

**ANSWER AND DEMAND FOR JURY TRIAL - 1**

**SECOND DEFENSE**

**I.**

These answering defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

**II.**

Based upon information and belief, these answering defendants admit the allegations contained in ¶¶ 2, 4, 11, 12, 13, 14, 19, 22, 34, and 36 of the Complaint.

**III.**

These answering defendants state that the allegations contained in ¶¶1 – 2 of the Complaint assert legal conclusions to which no response is required. To the extent ¶¶ 1-2 state facts, those facts are denied as to these answering defendants.

**IV.**

With respect to the allegations contained in ¶5 of the Complaint, these answering defendants admit that Brent Reinke is the Director of the Idaho Department of Correction. Defendants state that the remaining allegations in ¶5 assert legal conclusions to which no response is required. To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

**V.**

With respect to the allegations contained in ¶6 of the Complaint, these answering defendants admit that defendant Henry Atencio is the Chief Deputy of

ANSWER AND DEMAND FOR JURY TRIAL - 2

the Parole and Probation Division. Defendants state that the remaining allegations in ¶6 assert legal conclusions to which no response is required. To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

## VI.

These answering defendants state that the allegations contained in ¶¶7 - 8 of the Complaint assert legal conclusions to which no response is required. To the extent ¶¶ 7-8 state facts, those facts are denied as to these answering defendants.

## VII.

These answering defendants' state that the Charge of Discrimination referenced in ¶9 of the Complaint speaks for itself and, specifically deny all allegations in ¶9 that are inconsistent with the contents of the Charge of Discrimination referenced therein. Defendants admit the Charge of Discrimination was timely filed.

## VIII.

These answering defendants' state that the amended Charge of Discrimination referenced in ¶10 of the Complaint speaks for itself and, deny all allegations in ¶10 that are inconsistent with the language and allegations in the amended charge referenced therein.

## IX.

With respect to the allegations contained in ¶15 of the Complaint, these answering defendants admit that Cruz was a Senior Parole and Probation Officer.

**ANSWER AND DEMAND FOR JURY TRIAL - 3**

Defendants further admit that Cruz and Ms. Fuller had a romantic relationship outside of work. Defendants further admit the romantic relationship was not known or apparent at the D3 office. Defendants deny all other factual allegations or inferences contained in ¶15.

## X.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶16 of the Complaint and, therefore, deny the same.

## XI.

These answering defendants deny the allegations contained in ¶17 of the Complaint.

## XII.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶18 of the Complaint and, therefore, deny the same.

## XIII.

With respect to the allegations contained in ¶20 of the Complaint, these answering defendants admit that on August 15, 2011, Cruz was placed on paid administrative leave. Defendants deny the remaining allegations contained in ¶20.

## XIV.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶21 of the Complaint and, therefore, deny the same.

ANSWER AND DEMAND FOR JURY TRIAL - 4

XV.

These answering defendants deny the allegations contained in ¶23 of the Complaint.

XVI.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶24 of the Complaint and, therefore, deny the same.

XVII.

With respect to the allegations contained in ¶25 of the Complaint, these answering defendants admit that, on September 6, 2011 Fuller was interviewed at the Canyon County Sheriff's office by Detective Donahue. Defendants further admit Kim Harvey was present during the majority of the interview. These answering defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in ¶25 and, therefore, deny the same.

XVIII.

With respect to the allegations contained in ¶26 of the Complaint, these answering defendants admit that Ms. Harvey was present during the majority of the interview with Detective Donahue. Defendants deny the remaining allegations in ¶26.

XIX.

These answering defendants state that the Civil Protection Order referenced in ¶27 of the Complaint speaks for itself and deny any allegations in ¶27 that are

inconsistent with the terms and conditions of the Civil Protection Order referenced therein.

## XX.

With respect to the allegations contained in ¶28 of the Complaint, these answering defendants admit that, on September 15, 2011, Ms. Harvey called Fuller and informed her that Fuller could not receive paid administrative leave. Defendants deny all other factual allegations in ¶28.

## XXI.

With respect to the allegations contained in ¶29 of the Complaint, these answering defendants admit that Fuller requested that the denial of her paid administrative leave be communicated in writing. These answering defendants state that the emails referenced in ¶29 speak for themselves and, deny all allegations in ¶29 that are inconsistent with the contents of the emails referenced therein.

## XXII.

With respect to the factual allegations contained in ¶30 of the Complaint, these answering defendants admit Fuller was provided leave under the Family Medical Leave Act and, also was allowed to utilize her accrued vacation and sick leave. These answering defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in ¶30 and, therefore, deny the same.

### XXIII.

These answering defendants state that the emails described in ¶31 of the Complaint speak for themselves and, deny all allegations in ¶31 that are inconsistent with the contents of the emails referenced therein.

### XXIV.

With respect to the allegations contained in ¶32 of the Complaint, these answering defendants admit that Ms. Fuller is a single mother of two school aged children and, that her accrued paid leave expired in mid-October. Defendants further admit she returned to work. Defendants deny all other factual allegations in ¶32.

### XXV.

These answering defendants state that the emails referenced in ¶33 of the Complaint speak for themselves and, deny all allegations in ¶33 that are inconsistent with the contents of the emails referenced therein.

### XXVI.

With respect to the factual allegations contained in ¶38 of the Complaint, these answering defendants admit that Fuller requested that all employees at the IDOC facility be advised of the existence of the temporary CPO against Mr. Cruz. Defendants deny all other factual allegations contained in ¶38.

### XXVII.

These answering defendants state that the email described in ¶39 of the Complaint speaks for itself and, specifically deny all allegations in ¶39 that are

inconsistent with the contents of the email referenced therein.  Defendants deny all remaining allegations in ¶39.

### XXVIII.

With respect to the factual allegations contained in ¶40 of the Complaint, these answering defendants admit that Ms. Fuller's office was inside the building's main entrance and, was equipped with a door and a lock.  Defendants deny all other factual allegations contained in ¶40.

### XXIX.

These answering defendants deny the allegations contained in ¶¶41-43 of the Complaint.

### XXX.

With respect to the allegations contained in ¶44 of the Complaint, these answering defendants admit that Fuller quit her employment on November 16, 2011.  Defendants deny all other factual allegations contained in ¶44.

### XXXI.

With respect to the factual allegations contained in ¶45 of the Complaint, these answering defendants admit Ms. Fuller performed her job duties in a competent and professional manner and, received performance reviews which rated her as meeting or exceeding standards.  Defendants deny that, at all times, Fuller obeyed all rules and regulations of the IDOC.

### XXXII.

These answering defendants state that the allegations contained in ¶¶46-55 of the Complaint assert legal conclusions to which no response is required.  To the

**ANSWER AND DEMAND FOR JURY TRIAL - 8**

extent ¶¶46-55 state facts, those facts are denied as to these answering defendants.

### XXXIII.

These answering defendants deny the allegations contained in ¶¶56 – 57 of the Complaint.

### XXXIV.

With respect to the factual allegations contained in ¶58 of the Complaint, these answering defendants admit the plaintiff utilized her available paid leave and, thereafter, returned to work. These answering defendants deny all other factual allegations in ¶58.

### XXXV.

These answering defendants deny the allegations contained in ¶¶59-63 of the Complaint.

### XXXVI.

With respect to the factual allegations contained in ¶64 of the Complaint, these answering defendants repeat and reallege their responses to ¶¶1-63 of the Complaint as if fully set forth herein.

### XXXVII.

These answering defendants state that the allegations contained in ¶¶65 - 77 of the Complaint assert legal conclusions to which no response is required. To the extent that ¶¶65-77 state facts, those facts are denied as to these answering defendants.

### XXXVIII.

These answering defendants deny the allegations contained in ¶¶78-79 of the Complaint.

### XXXIX.

These answering defendants state that the allegations contained in ¶¶80-84 of the Complaint assert legal conclusions to which no response is required. To the extent ¶¶80-84 state facts, those facts are denied as to these answering defendants.

### XL.

With respect to the allegations contained in ¶85 of the Complaint, these answering defendants repeat and reallege their responses to ¶¶1-84 of the Complaint as if fully set forth herein.

### XLI.

These answering defendants deny the allegations contained in ¶¶86-87 of the Complaint.

### XLII.

With respect to the allegations contained in ¶88 of the Complaint, these answering defendants admit that, in early August of 2011, certain IDOC supervisors were aware that Cruz was being investigated for rape. Defendants deny all other factual allegations contained in ¶88.

### XLIII.

These answering defendants state that the allegations contained in ¶¶89-90 of the Complaint assert legal conclusions to which no response is required. To the

**ANSWER AND DEMAND FOR JURY TRIAL - 10**

extent ¶¶89-90 state facts, those facts are denied as to these answering defendants.

### XLIV.

With respect to the allegations contained in ¶91 of the Complaint, these answering defendants repeat and reallege their responses to ¶¶1-90 of the Complaint and incorporate as if fully set forth herein.

### XLV.

These answering defendants deny the allegations contained in ¶¶92-93 of the Complaint.

### XLVI.

These answering defendants state that the allegations contained in ¶¶94-96 of the Complaint assert legal conclusions to which no response is required. To the extent ¶¶94-96 state facts, those facts are denied as to these answering defendants.

### THIRD DEFENSE

Plaintiff was guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Complaint, which misconduct on her part proximately caused and contributed to said events and resulting damages, if any.

### FOURTH DEFENSE

Plaintiff's losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these answering defendants can bear no responsibility.

**ANSWER AND DEMAND FOR JURY TRIAL - 11**

### FIFTH DEFENSE

The allegations contained in the plaintiff's complaint do not arise at the level of the deprivation of a federally protected right.

### SIXTH DEFENSE

The individual defendants, Brent Reinke and Henry Atencio are entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by the defendants in good faith, with honest and reasonable belief such actions were necessary and constitutionally proper.

### SEVENTH DEFENSE

To the extent the plaintiff is asserting state law claims against these answering defendants, such causes of action arise out of and stem from activities for which these defendants are immune, in whole or in part, from liability by virtue of Title VI, Chapter IX, Idaho Code and, therefore, plaintiff's causes of action in damages seeking recovery under state law are barred in whole or in part by virtue of the provisions of Title IX, Chapter IX Idaho Code.

### EIGHTH DEFENSE

Plaintiff's state law claims are barred, in whole or in part, due to her failure to file a timely Notice of Claim as required by I.C. § 6-905.

### NINTH DEFENSE

Plaintiff's state and federal claims are barred, in whole or in part, by her failure to avail herself to the available administrative remedies and, alternatively, to exhaust her available administrative remedies.

**ANSWER AND DEMAND FOR JURY TRIAL - 12**

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust her administrative remedies.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and latches.

WHEREFORE, these answering defendants pray that the plaintiff takes nothing by her Complaint, that the same be dismissed, and that these answering defendants be awarded their costs of suit and attorney fees, and such other and further relief as the Court deems just.

**THESE ANSWERING DEFENDANTS DEMAND A JURY TRIAL AS TO ALL ISSUES.**

DATED the 12 day of February, 2013.

ANDERSON, JULIAN & HULL LLP

By _____
Phillip J. Collaer, Of the Firm
Attorneys for Defendants

<u>CERTIFICATE OF MAILING</u>

I HEREBY CERTIFY that on the _12_ day of February, 2013, I served a true and correct copy of the foregoing **ANSWER AND DEMAND FOR JURY TRIAL** delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Erika Birch<br>Kass Harstad<br>STRINDBERG & SCHOLNICK, LLC<br>802 W. Bannock Street, Suite 308<br>Boise, ID 83702<br>Telephone: (208) 336-1788<br>Facsimile: (208) 344-7980<br>*Attorneys for Plaintiff* | [X] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[X] ECF |

_____
Phillip J. Collaer

**ANSWER AND DEMAND FOR JURY TRIAL - 14**