# EXHIBIT E

# Table of Contents

**DIVISION OF HUMAN RESOURCES AND PERSONNEL COMMISSION**
**15.04.01 - Rules of the Division of Human Resources and Idaho Personnel Commission**

| | |
|---|---|
| 000. Legal Authority. | 5 |
| 001. Title, Scope, And Compliance. | 5 |
| 002. Written Interpretations. | 5 |
| 003. Citation Of Rules. | 5 |
| 004. Address And Phone Numbers Of The Division Of Human Resources And Idaho Personnel Commission. | 5 |
| 005. Filing Of Documents. | 5 |
| 006. Waiver Of Rules. | 6 |
| 007. Designation Of Officers. | 6 |
| 008. Applicability To Health Districts. | 6 |
| 009. Duties Of The Administrator. | 6 |
| 010. Definitions -- A Through E. | 6 |
| 011. Definitions -- F Through J. | 8 |
| 012. Definitions -- K Through O. | 8 |
| 013. Definitions -- P Through Z. | 9 |
| 014. -- 018. (Reserved) | 10 |
| 019. Basic Merit Requirements Of The Personnel System. | 10 |
| 020. Veterans Preference. | 10 |
| 021. Discrimination Prohibited. | 10 |
| 022. Prohibited Questions. | 10 |
| 023. Bona Fide Occupational Qualification. | 10 |
| 024. Conflict Of Interest And Personal Conduct. | 10 |
| 025. Nepotism. | 10 |
| 026. Dual Employment. | 11 |
| 027. -- 039. (Reserved) | 11 |
| 040. Nonclassified Employees Subject To Classified Service Subsequent To April 5, 1985. | 11 |
| 041. -- 049. (Reserved) | 11 |
| 050. Consultants And Persons Employed Under Independent Contract. | 11 |
| 051. -- 059. (Reserved) | 11 |
| 060. Adoption Of Classification Schedule. | 12 |
| 061. Analysis Of Classifications. | 12 |
| 062. Authority. | 12 |
| 063. Review Of Classification Schedule. | 12 |
| 064. Amendment Of Classification Schedule. | 12 |
| 065. Approval Of New, Revised And Deleted Classifications. | 12 |
| 066. Abolishment Of Positions. | 12 |
| 067. Reclassification Of Positions. | 12 |
| 068. Violations. | 13 |



Exh. No. 107
Date 3-14-14
Name Means
M & M Court Reporting

*IDAHO ADMINISTRATIVE CODE*  *IDAPA 15.04.01 - Rules of the Division of Human*
*Human Resources & Personnel Commission*  *Resources & Idaho Personnel Commission*

**02. Types of Probationary Periods.** The probationary period serves as a working test period to provide the agency an opportunity to evaluate a probationary employee's work performance and suitability for the position. There are three (3) types of probationary periods: (5-8-09)

**a.** Entrance probation is the probationary service required of an employee at the time of his original appointment or any subsequent appointment to state classified service excluding reinstatement and transfer, the duration of which is one thousand forty (1,040) hours of credited state service except for peace officers (defined in Section 19-5101, Idaho Code), who must serve two thousand eighty (2,080) hours. (5-8-09)

**b.** Promotional probation is the probationary service required when an employee is promoted, the duration of which is one thousand forty (1,040) hours of credited state service except for peace officers (defined in Section 19-5101, Idaho Code), who must serve two thousand eighty (2,080) hours. (5-8-09)

**c.** Voluntary probation is an agreement between employees and the appointing authority for interagency employment actions such as reinstatement, transfer, or voluntary demotion. A voluntary probation is not to be used for employment actions within the agency. The probationary period is negotiable but may not exceed one thousand forty (1,040) hours of credited state service except for peace officers (defined in Section 19-5101, Idaho Code), who may serve up to two thousand eighty (2,080) hours. (5-8-09)

**03. Extension of Probationary Period.** Upon written request demonstrating good cause, the administrator may extend the probationary period of an employee for an additional specified period not to exceed one thousand forty (1,040) hours of credited state service. Extension must occur before an employee has worked one thousand forty (1,040) hours or two thousand eighty (2,080) hours for peace officers. (Ref. Section 67-5309(j), Idaho Code) (5-8-09)

**04. Interruption of Probationary Period.** The probationary period in any classification must be completed within a single agency uninterrupted by termination (Ref. Rule Subsection 152.02) or dismissal (Ref. Rule Section 190). An employee who separated during the probationary period must begin a new probationary period upon reappointment or promotion. (5-8-09)

**05. Temporary Service Credit.** At the request of the hiring agency, the administrator will allow temporary service time in a given classification to be used toward fulfilling the entrance probationary requirement in that classification as established in Section 67-5309(j), Idaho Code. The temporary duties must be substantially the same as the regular permanent appointment. (Ref. Section 67-5309(x), Idaho Code, and Rule Section 122 and Subsection 150.01) (3-29-12)

**06. Acting Service Credit.** At the request of the hiring agency, the administrator will allow acting appointment service time in a given classification to be used toward fulfilling the promotional probationary requirement in that classification as established in Section 67-5309(j), Idaho Code. The acting appointment duties must be substantially the same as the regular permanent appointment. (Ref. Section 67-5309(y), Idaho Code, and Rule Sections 129 and Subsection 150.01) (3-29-12)

**151. SATISFACTORY SERVICE.**
When a probationary employee has satisfactorily served the probationary period, the appointing authority shall no later than thirty (30) calendar days after the expiration of the probationary period provide the employee and the Division of Human Resources a performance evaluation indicating satisfactory performance and shall certify the employee to permanent status. Such certification to permanent status shall be effective one thousand forty (1,040) hours of credited state service after appointment, except that it shall be effective two thousand eighty (2080) hours of credited state service after appointment for peace officer classifications unless either period has been extended pursuant to Rule 150.03. (Ref. Section 67-5309(j), Idaho Code, and Rule 210.04) (3-30-01)

**152. SEPARATION DURING PROBATION.**

**01. Notification.** If a probationary employee does not serve satisfactorily, the appointing authority, must, no later than thirty (30) calendar days after the expiration of the probationary period, provide the employee and the Division of Human Resources a performance evaluation indicating unsatisfactory performance. (Ref. Section 67-5309(j), Idaho Code and Rule Subsection 210.04) (5-8-09)

| IDAHO ADMINISTRATIVE CODE | IDAPA 15.04.01 - Rules of the Division of Human |
| Human Resources & Personnel Commission | Resources & Idaho Personnel Commission |

**02. During Entrance and Voluntary Probation.** (3-30-01)

**a.** An employee who does not serve satisfactorily during the entrance or voluntary probation must first be given the opportunity in writing to resign without prejudice; an employee who fails to resign may be terminated without cause assigned and without the right to file for problem-solving or an appeal. (Ref. Section 67-5309(j), Idaho Code, and Subsection 210.04) (5-8-09)

**b.** Notice to the employee of termination for unsatisfactory service must be made not later than fifteen (15) calendar days prior to the effective date of termination, unless there are extenuating circumstances. (5-8-09)

### 153. UNSATISFACTORY PERFORMANCE DURING A PROMOTION PROBATION PERIOD.

**01. Disciplinary Action.** Regardless of the probation status, when a Rule 190 violation supports demotion, suspension, or dismissal, such action may occur. (3-16-04)

**02. Intra-Agency.** If an employee, on promotional probation, does not meet performance expectations, he or she shall be returned to a position in the classification which he or she holds permanent status or to another classification in the same pay grade for which the employee meets minimum qualifications. If the employee refuses to accept the position, it shall be considered a voluntary resignation. (3-16-04)

**03. Inter-Agency.** (3-16-04)

**a.** The employee may voluntarily demote to a vacant position in any classification he or she has held permanent status in state career service. However, the employee must meet the current minimum requirements for that classification. If more than one (1) option exists for demotion, the employee should be placed in the higher paid position, but the specific assignment is up to the appointing authority. (3-16-04)

**b.** If no position is available for the voluntary demotion option, the employee may be laid off and may: (3-16-04)

**i.** Request their name be placed on a register with reemployment preference rights for the next available vacancy in the classification they would have demoted to in his/her new agency; and/or (3-16-04)

**ii.** Request their name be placed on a register for the classification in the agency where they last held permanent status. (3-16-04)

**c.** When reinstatement occurs in the classification they promoted from, in the new agency or the prior agency, the employee's name is removed from reemployment required preference status. (3-16-04)

### 154. FAILURE TO PROVIDE PERFORMANCE EVALUATION.
If the appointing authority fails to provide a performance evaluation as required in Rule 151, the employee shall be considered to have satisfactorily completed the probationary period and shall be certified to permanent status as provided by Rule 151, unless the probationary period has been extended by the administrator. (Ref. Rule 150.03)

(3-16-04)

### 155. -- 158. (RESERVED)

### 159. STATUS AND TENURE.

**01. Probationary Promotions.** Employees serving a promotional probationary period have continued permanent status in the classification from which promoted until they are certified as having satisfactorily completed the promotional probationary period in the classification to which promoted. (Ref. Rule Sections 151, 152, and 153) (5-8-09)

**02. Tenure of Employment.** All employment in the state classified service is without definite term except where the term may be specified by law, or under conditions of a limited-service appointment. (Ref. Rule

Section 120) (5-8-09)

**160. -- 168. (RESERVED)**

**169. PROMOTIONS.**

**01. Use of Promotional Registers.** (7-1-93)

**a.** Preference for Promotion. Whenever practical, a vacancy in a classified position must be filled by the promotion of an employee in the agency in which the vacancy occurs. (Ref. Section 67-5309(g), Idaho Code) (5-8-09)

**b.** Exception. An appointing authority may request that a position be filled from a statewide promotional register (Ref. Rule Subsection 101.03) or an open competitive register (Ref. Rule Subsection 101.04) whenever he determines that such an appointment will best serve the interests of the agency. (5-8-09)

**c.** Agency Registers with Reemployment Preference Status. Promotions to a classification are not permissible as long as there is an agency register with reemployment preference status (Ref. Rule Subsection 101.01) for the classification with names of eligible candidates who are willing to accept reemployment. (5-8-09)

**02. Interagency Promotions.** All interagency promotions must be made using statewide promotional registers (Ref. Rule Subsection 101.03) (5-8-09)

**03. Eligibility for Promotion.** Promotional appointees must have permanent status (Ref. Rule Section 159) and must meet the minimum qualifications of the promotional classification. (5-8-09)

**04. Promotion, In-Grade.** To reflect unique agency organization design, an agency may choose to request an internal competitive process to recognize the advancement of an employee with permanent status from a position occupied in one classification to a position in another classification having greater points or a unique specialty area, but within the same pay grade. With the approval of the administrator, an in-grade promotion will be treated in all regards as a promotion. (4-7-11)

**170. -- 178. (RESERVED)**

**179. DEMOTIONS.**
Demotions are reductions of an employee from a position which the employee occupies in one classification to a position in another classification in a lower pay grade. Demotions authorized under these rules apply to both probationary and permanent status employees who meet the minimum qualifications of the classification to which demoted. (5-8-09)

**180. NONDISCIPLINARY DEMOTION REQUIRED.**
An appointing authority shall make a nondisciplinary demotion when the position occupied by an employee is reclassified to a classification allocated to a lower pay grade in accordance with assigned responsibilities pursuant to Rule 067. (3-16-04)

**181. NONDISCIPLINARY DEMOTION OPTIONAL.**
An appointing authority may allow a voluntary demotion when requested or accepted by an employee and approved by the appointing authority. (3-16-04)

**182. DISCIPLINARY DEMOTION.**
An appointing authority may make a disciplinary demotion for causes enumerated in Rule 190 which are not sufficiently severe to warrant dismissal. (7-1-87)

**183. -- 189. (RESERVED)**

**190. DISCIPLINARY ACTIONS.**

| IDAHO ADMINISTRATIVE CODE | IDAPA 15.04.01 - Rules of the Division of Human |
| Human Resources & Personnel Commission | Resources & Idaho Personnel Commission |

**01. Cause for Disciplinary Actions or Separation From State Service.** Dismissal, suspension, demotion, or the reduction in pay, of a classified employee, may occur for any of the following causes during the employee's employment: (5-8-09)

 **a.** Failure to perform the duties and carry out the obligations imposed by the state constitution, state statutes, or rules of the agency or the Division of Human Resources and Idaho Personnel Commission. (5-8-09)

 **b.** Inefficiency, incompetency, or negligence in performing duties, or job performance that fails to meet established performance standards. (5-8-09)

 **c.** Physical or mental incapability for performing assigned duties, if a reasonable accommodation cannot be made for the disabling condition. (5-8-09)

 **d.** Refusal to accept a reasonable and proper assignment from an authorized supervisor. (4-5-85)

 **e.** Insubordination or conduct unbecoming a state employee or conduct detrimental to good order and discipline in the agency. (5-8-09)

 **f.** Intoxication or being under the influence of alcohol, or the misuse of medications or controlled substances, while on duty. (5-8-09)

 **g.** Careless, negligent, or improper use or unlawful conversion of state property, equipment, or funds. (4-5-85)

 **h.** Use of any influence which violates the principles of the merit system in an attempt to secure a promotion or privileges for individual advantage. (4-5-85)

 **i.** Conviction of official misconduct in office, or conviction of any felony, or conviction of any other crime involving moral turpitude. (4-5-85)

 **j.** Acceptance of gifts in exchange for influence or favors given in the employee's official capacity. (5-8-09)

 **k.** Habitual pattern of failure to report for duty at the assigned time and place. (4-5-85)

 **l.** Habitual improper use of sick leave. (4-5-85)

 **m.** Unauthorized disclosure of confidential information from official records. (4-5-85)

 **n.** Absence without leave. (4-5-85)

 **o.** Misstatement or deception in application for employment. (4-5-85)

 **p.** Failure to obtain or maintain a current license or certificate lawfully required as a condition in performance of duties. (4-5-85)

 **q.** Prohibited participation in political activities. (Ref. Section 67-5311, Idaho Code) (4-5-85)

**02. Suspension for Investigation.** An appointing authority may suspend with pay an employee for investigation of disciplinary causes enumerated in Subsection 190.01 of these rules. Each suspension for investigation will be superseded by reinstatement to duty, dismissal or disciplinary suspension within thirty (30) calendar days of the suspension for investigation or within an extension of an additional thirty (30) calendar days approved by the administrator. Further extensions may be granted with the approval of the Administrator. (5-8-09)

**03. Disciplinary Suspension.** An appointing authority may suspend without pay an employee for discipline for causes enumerated above. Disciplinary suspension of an employee with permanent status is subject to appeal by the employee to the Commission. (5-8-09)

| IDAHO ADMINISTRATIVE CODE | IDAPA 15.04.01 - Rules of the Division of Human |
| --- | --- |
| Human Resources & Personnel Commission | Resources & Idaho Personnel Commission |

**04. Suspension on Felony Charges.** An appointing authority may suspend without pay an employee upon the issuance of a complaint, an information or indictment for felony charges. Such suspensions may remain in effect during the time such charges are pending. Full reinstatement of all benefits and salary that the employee would have otherwise been entitled must be provided by the appointing authority to the employee upon a subsequent finding that charges or information were without grounds or the employee was not found guilty. For the purpose of this rule, a judgment withheld under Rule 33(d) of the Idaho Rules of Criminal Procedure is a conviction. (5-8-09)

**05. Notice to Administrator.** Whenever an appointing authority considers it necessary to take disciplinary action against an employee, he must notify the employee and the administrator concurrently in writing; and must set forth the specific rules violated and the reasons for the action. Suspensions with pay for investigation (Ref. Rule Subsection 190.02) may be made without prior notice to the employee; in this case, the appointing authority must notify the administrator as soon as practical. (5-8-09)

**191. -- 199. (RESERVED)**

**200. PROBLEM-SOLVING AND DUE PROCESS PROCEDURES.**

**01. Overview of Procedures.** (3-30-01)

**a.** The due process procedure deals with the disciplinary matters set forth in Section 67-5315(2), Idaho Code, dismissals, suspensions without pay, and demotions, and with all involuntary transfers. The due process procedure generally requires the employee receive notice and an opportunity to respond before a disciplinary decision or involuntary transfer is made by the agency. Decisions regarding disciplinary dismissals, suspensions without pay, and demotions are appealable in accordance with Section 201 of these rules. (5-8-09)

**b.** The problem-solving procedure deals with all matters not specifically reserved for the due process procedure. Problem solving decisions may not be appealed to the Commission except as authorized by Section 67-5316, Idaho Code. (5-8-09)

**02. Establishment of Agency Problem-Solving and Due Process Procedures.** Each participating agency must maintain written employee problem-solving and due process procedures, which have been approved by the administrator for conformity to law and Section 200 of these rules. (5-8-09)

**03. Eligibility and Time for Filing Under Problem-Solving Procedure.** Any classified employee with permanent, provisional or entrance probationary status may file under the problem-solving procedure as defined by Section 67-5315(1), Idaho Code. An employee must file under the problem-solving procedure in writing not later than ten (10) working days after being notified or becoming aware of a nondisciplinary matter which may be handled through the problem-solving procedure; however, if the filing alleges an ongoing pattern of harassment or illegal discrimination, the agency is strongly encouraged to waive any time limits. The time limit for filing will be extended due to the employee's illness or other approved leave, up to ten (10) days after return to the job. The agency may accept a filing that is or appears to be filed late. Agency policies may provide for waiver of time elements or any intermediate step of the problem-solving procedure upon mutual agreement of the employee and appointing authority. (5-8-09)

**04. Elements of the Problem-Solving Procedure.** The procedure must contain a statement from the agency head encouraging employees to use the procedure for any nondisciplinary, job-related matters, and encouraging the employee, supervisors, and upper-level managers and administrators to resolve the matter at the lowest management level possible within the organization. The statement must also provide a means whereby agency representatives can obtain timely authority, if needed, to resolve the matter. The procedure must require the employee to make a reasonable attempt to discuss the issue with the immediate supervisor before filing. After a written filing is received, the procedure must provide for such additional levels of management as are appropriate in the agency. The procedure must also provide for the use of an impartial mediator upon agreement by the employee and agency. Timelines must not exceed five (5) working days between each step. The procedure must also inform the employee that he is entitled to be represented by a person of the employee's own choosing at each step of the procedure, except the initial informal discussion with the immediate supervisor. Two (2) or more employees may join in a single filing under the problem-solving procedure. Retaliation for filing under the problem-solving procedure, for participating as