Kass Harstad (ID Bar No. 8419)
Erika Birch (ID Bar No.7831)
**STRINDBERG & SCHOLNICK, LLC**
1516 W. Hays Street
Boise, ID 83702
Telephone:    (208) 336-1788
Facsimile:    (208) 287-3708
kass@utahjobjustice.com
erika@idahojobjustice.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **CYNTHIA FULLER**,<br><br>Plaintiff,<br><br>vs.<br><br>**STATE OF IDAHO, DEPARTMENT OF CORRECTIONS, et al.**,<br><br>Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REMITTITUR**<br><br>Case No. 1:13-CV-00035-DCN<br><br>Honorable Judge David C. Nye |

Plaintiff, Cynthia Fuller, by and through her counsel hereby submits this Response to Defendant's Motion for Remittitur (Dkt. # 160).

After nine (9) trial days, the jury returned a unanimous verdict in favor of Ms. Fuller, determining that she had suffered $1,800,000 in emotional distress damages as a result of IDOC's illegal hostile work environment. (Dkt. # 158). The Court entered Judgment consistent with the jury's verdict on March 26, 2019. (Dkt # 159). Defendant has now moved the Court to reduce the Judgment to $300,000. While not entirely clear, it appears Defendant makes two arguments in support of remittitur: one, that the verdict was excessive, and two, that Title VII caps the emotional distress damages at $300,000. As set forth below, the verdict was *not*

1

excessive in light of the substantial evidence of Ms. Fuller's emotional distress presented at trial. However, Plaintiff concedes that the caps apply, and thus that the Court must reduce the Judgment to the capped amount of $300,000.

Defendant's contention that the jury verdict was "excessive" is unfounded. Courts in the Ninth Circuit "afford substantial deference to a jury's finding of the appropriate amount of damages." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1028 (9th Cir. 2008). As such, a court should not disturb an award of damages unless "it is clearly unsupported by the evidence," or is "grossly excessive or monstrous or shocking to the conscience." *Brady v. Gebbie*, 859 F.2d 1543, 1557 (9th Cir. 1988).

Here, there was significant evidence presented at trial regarding Ms. Fuller's emotional distress damages. Witness Shawna Scott testified that when she met Ms. Fuller in 2005 while they both worked at the prison, Ms. Fuller was self-confident, positive, and a well-respected sergeant who loved her job. Ms. Scott then described Ms. Fuller in the fall of 2011 who sat crying on the phone in the parking lot of the District 3 offices, not sure she had the strength to go in. The jury also heard from Tylene Channer, Ms. Fuller's therapist during the hostile work environment at IDOC, who testified that Ms. Fuller was sad, anxious and fearful after returning to work. Even defense witness Cassandra Crowell told the jury that Ms. Fuller went from a well-spoken, bubbly woman to someone who was withdrawn. Ms. Fuller herself testified that the decisions made by IDOC leadership during that timeframe made her feel humiliated, shocked, confused and minimized. She told the jury through tears that her life was completely derailed. Finally, Dr. Fitzgerald opined that IDOC's actions and inactions exacerbated Ms. Fuller's Post Traumatic Stress Disorder and caused her to suffer from Major Depressive Disorder. In short, Ms. Fuller presented sufficient evidence at her trial to support the jury's verdict.

Additionally, an emotional distress damages award of $1.8million in a case such as this one is not "monstrous" or "shocking to the conscience." Indeed, several other courts in the Ninth Circuit and elsewhere have upheld similar awards in employment discrimination or similar cases. *See*, *e.g.*, *Harper v. City of Los Angeles*, 533 F.3d at 1028-29 (upholding jury's emotional distress damages award of $5 million in a §1983 claim based on plaintiffs' testimony alone); *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000) (upholding jury's emotional distress damages award of $1 million in employment discrimination case, where plaintiff, her husband and her sister testified that plaintiff "experienced substantial anxiety" as a result of employer's actions); *Larson v. Nanos*, 2016 WL 4592184, *7-8 (D. Ariz. June 21, 2016), *aff'd sub nom. Larson v. Napier*, 700 F. App'x 609 (9th Cir. 2017) (upholding jury's emotional distress award of $1,250,000 to two plaintiffs in an §1983 claim because "[b]oth testified to suffering serious mental and emotional distress . . . , with [one plaintiff's emotional distress] being especially intense because the incident triggered and aggravated her existing PTSD"); *Osorio v. Source Enterprises, Inc.*, 2007 WL 683985, *5 (S.D.N.Y. Mar. 2, 2007) (upholding jury's $4 million compensatory damages award in an employment discrimination case, based on plaintiff's and defendants' testimony).

Thus, while the jury's verdict is not excessive, the Court still must reduce Judgment under Title VII's caps to $300,000. 42 U.S.C. § 1981a(b)(3)(D). Judgment should include post-judgment interest pursuant to 28 U.S.C. § 1961, which should accrue from the Court's original judgment dated March 26, 2019. And, still pending is Plaintiff's Motion for Attorneys' Fees and Costs, and her Bill of Costs. Thus, upon entry of a Order regarding fees and costs, Judgment should be appropriately amended.

Dated this day of April 19, 2019.

                              **STRINDBERG & SCHOLNICK, LLC**

                              /s/ Erika Birch
                              Erika Birch
                              Kass Harstad
                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on April 19, 2019 a true and correct copy of the foregoing pleading was served on the following via the CM/ECF system:

Phillip J. Collaer
Yvonne A. Dunbar
Anderson Julian & Hull LLP
C.W. Moore Plaza
250 S. Fifth St. Suite 700
P.O. Box 7426
Boise, ID  83707-7426
*pcollaer@ajhlaw.com*
*ydunbar@ajhlaw.com*

            /s/Dunja Subasic
             /s/ Dunja Subasic