UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CYNTHIA FULLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF IDAHO, DEPARTMENT OF CORRECTIONS, BRENT REINKE, in his official capacity, and HENRY ATENCIO, in his official and individual capacity,<br><br>　　　　Defendants. | Case No. 1:13-cv-00035-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Idaho Department of Corrections' ("IDOC") Motion to Amend/Correct Judgment, Motion for Remittitur. Dkt. 160. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT the Motion.

## II. BACKGROUND

On February 14, 2019—following a nine-day jury trial in this matter—the jury returned a verdict in Plaintiff Cynthia Fuller's favor awarding her $1,800,000 (one million, eight hundred thousand dollars) in damages. *See* Dkt. 158. On March 26, 2019,

the Court entered judgment in Fuller's favor, against IDOC, consistent with the jury's verdict. Dkt. 159. On March 29, 2019, IDOC filed its Motion to Amend/Correct Judgment, Motion for Remittitur. Dkt. 160.

It its Motion, IDOC alleges that remittitur is necessary to reduce the excessive $1.8 million jury verdict because Fuller's damages are statutorily capped under 42 U.S.C. § 1981a(a)(1) at $300,000.

### III. DISCUSSION

Under 42 U.S.C. § 1981a(b)(3) "the sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed" certain monetary amounts based upon the number of employees each Defendant has. Here, subsection (D) states that "in the case of a respondent who has more than 500 employees . . . [the statutory maximum amount of damages is] $300,000." 42 U.S.C. § 1981a(b)(3)(D).

IDOC has more than 500 employees and therefore Fuller's recovery is limited to $300,000. Further analysis is unnecessary as Fuller herself admits that under this statute "the Court [] must reduce Judgment under Title VII's caps to $300,000." Dkt. 165, at 3.

Reducing Title VII judgments to reflect the appropriate statutory maximums is a fairly common practice and is adhered to by Courts in this district. *See, e.g.*, *Bjornson v. Dave Smith Motors/Frontier Leasing & Sales*, 578 F. Supp. 2d 1269, 1282 (D. Idaho 2008) (explaining that "depending on a company's size, Title VII's statutory cap

provisions allow for the sum of compensatory and punitive damages to reach a maximum amount anywhere from $50,000 to $300,000" and finding that since the jury's award did not exceed the relevant cap it was reasonable); *Ward v. Sorrento Lactalis, Inc.*, No. CV-04-006-S-BLW, 2005 WL 4021366, at *4 (D. Idaho Dec. 22, 2005) (finding it "undisputed that this sum [$445,000] must be reduced to $300,000 to comply with the ADA's statutory cap set forth in 42 U.S.C. § 1981a(b)(3)").

In this case—because Fuller sought only emotional distress damages at trial—her recovery is statutorily capped by 42 U.S.C. § 1981a(b)(3)(D) at $300,000. Accordingly, the jury's verdict and this Court's Judgment must be remitted and reduced to $300,000.

## IV. ORDER

**IT IS HEREBY ORDERED:**

1. IDOC's Motion to Amend/Correct Judgment (Dkt. 160) is GRANTED. The jury's verdict must be reduced from $1,8000,000 to $300,000.

2. The Court will enter an Amended Judgment concurrent with this decision.

DATED: May 21, 2019

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3